IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ASHLEY MCNEESE, #257 779              *

    Petitioner,                           *

    v.                                    *     2:09-CV-462-ID
                                                 (WO)
CYNTHIA WHEELER-WHITE, WARDEN,        *
*et al.*,
    Respondents.                          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on May 19, 2009.[1] In this petition, Petitioner challenges the amount of jail time credited to her on a sentence imposed by the Circuit Court for Madison County, Alabama, with regard to her 2009 convictions for third degree burglary, criminal possession of a forged instrument in the second degree, and fraudulent use of a credit card. Petitioner's petition also indicates that she seeks placement in an early release program, credit for time she was out on bond awaiting trial, and reinstatement on probation where she claims she was wrongfully accused and coerced into violating her probation.

**DISCUSSION**

---

[1] Although the Clerk of this court stamped the present petition "filed" on May 20, 2009, Petitioner certified the petition for mailing on May 19, 2009. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers May 19, 2009 as the date of filing.

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner seeks to challenge matters associated with a conviction(s) and/or sentence imposed on her by the Circuit Court for Madison County, Alabama. Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 4, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

---

[2] In transferring the instant case, this court makes no determination regarding the merits of Petitioner's claim for relief nor whether she has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

[3] Petitioner has filed an affidavit in support of a request for leave to proceed *in forma pauperis*. Under the circumstances of this case, however, matters related to Petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of May, 2009.

             /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE